UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KYLE JOHNSON,<br><br>                    Petitioner,<br><br>v.<br><br>WILLIAM HUTCHINGS, et al.,<br><br>                    Respondents. | Case No. 2:21-cv-00707-APG-EJY<br><br>**ORDER**<br><br>(ECF Nos. 1-1, 1-2.) |

    I this order, I will screen the petition filed by Kyle Johnson, as required by the Rules Governing Section 2254 Cases in the United States District Courts.[1] I order Johnson to show cause within 30 days why I should not dismiss this action without prejudice for a failure to exhaust his claims in state court.[2]

    Johnson challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County. *State of Nevada v. Kyle Johnson*, Case No. C-17-325159-1.[3] He pleaded guilty to two counts of robbery with use of a deadly weapon and one count of conspiracy to commit robbery. On April 8, 2019, the state district court sentenced Johnson to an aggregate total of 15 to 40 years. Johnson did not file a direct appeal.

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[2] I defer ruling on Johnson's Motion for Appointment of Counsel.

[3] Johnson has attached to his petition only some of the written findings of the state courts. However, the dockets of his criminal action and appeals are available online, and I take judicial notice of the online docket records of the Second Judicial District Court and Nevada appellate courts, which may be accessed by the public online at: www.clarkcountycourts.us and www.caseinfo.nvsupremecourt.us/public/caseSearch.do .

Johnson filed a state habeas petition, and the state district court denied his petition. He appealed to the Nevada Court of Appeals, which declined to consider the facts on appeal in the first instance and affirmed the decision of the state district court. On April 29, 2021, Johnson dispatched this federal habeas petition for filing. ECF No. 1-1. I instructed him to resolve the filing fee, and he timely complied. ECF No. 5.

A state prisoner first must exhaust state court remedies on a habeas claim before presenting that claim to the federal court. 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement ensures that the state courts, as a matter of comity, will have the first opportunity to address and correct alleged violations of federal constitutional guarantees. *Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999) ("Section 2254(c) requires only that state prisoners give state courts a *fair* opportunity to act on their claims.")).

To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. *O'Sullivan*, 526 U.S. at 844–45; *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). A properly exhausted claim "'must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief'." *Woods*, 764 F.3d at 1129 (quoting *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996)); *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) (fair presentation requires both the operative facts and federal legal theory upon which a claim is based).

Where a petitioner fails to raise claims in the petition for review to a state appellate court or supreme court, those claims are unexhausted and procedurally barred from a federal habeas petition, even if a petitioner raised those claims in a petition for post-conviction relief before the state district court. *Date v. Schriro*, 619 F. Supp. 2d 736, 786 (D. Ariz. 2008) (citing *Baldwin v. Reese*, 541 U.S. 27, 32 (2004)); *O'Sullivan*, 526 U.S. at 845.

A federal court may consider a claim procedurally defaulted where "it is clear that the state court would hold the claim procedurally barred." *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002). When a claim is procedurally defaulted, federal review is barred unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law." *Coleman*, 501 U.S. at 750.

Here, it appears that Johnson's petition is unexhausted in state court and is subject to dismissal without prejudice. Although Johnson filed a state habeas petition, the Nevada Court of Appeals found that he did not properly present facts to the district court below and declined to consider them on appeal in the first instance. Upon review of the Nevada Court of Appeals order of affirmance, it appears that Johnson did not fairly present his claims in a manner giving the appellate court an opportunity to address and resolve his claims. Therefore, it appears that his claims are unexhausted in state court. As a result, Johnson must show cause why this action should not be dismissed for failing to exhaust state remedies.

I THEREFORE ORDER:

1. **By October 6, 2021,** petitioner Kyle Johnson must file a "Response to Order to Show Cause," showing why this action should not be dismissed without prejudice because of his failure to exhaust his claims in state court. Johnson's response must be factually detailed and, where possible, supported by exhibits.

2. If Johnson fails to timely and fully comply with this order, I will dismiss this action without prejudice and without further advance notice.

Dated: August 19, 2021.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE