UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

KYLE JOHNSON,

          Petitioner,

v.

WILLIAM HUTCHINGS, et al.,

          Respondents.

Case No. 2:21-cv-00707-APG-EJY

**ORDER**

(ECF No. 7)

    On August 19, 2021, I ordered Johnson to show cause why the petition in this action should not be dismissed based on his failure to exhaust his claims in state court. ECF No. 6. In response, Johnson appears to assert that Grounds 1 and 2 of his federal habeas petition were also set forth in his state habeas petition as well as in his brief to the state appellate court. ECF No. 7. He further asserts that he does not have a copy of or access to brief to the state appellate court. *Id*. I conclude that the issue as to whether Johnson's claims have been exhausted in state court would benefit from further briefing and the state court record. Accordingly, I will direct service of the petition (ECF No. 1-1) and a response.

    I have further considered Johnson's request for appointment of counsel, and find that appointment of counsel is not justified, at least not at this juncture. There is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007)). An indigent petitioner may request appointed counsel to pursue that relief. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *Id.* (authorizing appointed counsel "when the interests of justice so require"). *Id.* § 3006A(a)(2). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is so uneducated that he is incapable of fairly presenting his claims. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

    The petition in this case appears sufficiently clear in presenting the issues that Petitioner wishes to raise, and the legal issues are not particularly complex. He has demonstrated sufficient ability to write and articulate his claims, submitted numerous filings, and followed instructions to

response to the order to show cause. The court appreciates that it is difficult for *pro se* petitioners to pursue their habeas claims and almost every *pro se* party would benefit from representation by counsel. However, Petitioner has made no showing as to why denial of counsel would amount to a denial of due process. As such, the motion is denied.

I THEREFORE ORDER:

1. Petitioner Kyle Johnson's Motion for Appointment of Counsel (**ECF No. 1-3**) is **DENIED.**
2. The Clerk of Court is directed to file the petition (ECF No. 1-1).
3. The Clerk of the Court is directed to add Aaron Ford, Attorney General of the State of Nevada, as counsel for Respondents and to provide Respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only.
4. Respondents will have **60 days** from the date the petition is electronically served to appear in this action and answer or otherwise respond to the petition.
5. If Respondents file an answer to the petition, Petitioner may file a reply within **60 days** from the date the answer is filed and served. If Respondents file a motion to dismiss instead of an answer, the parties will brief the motion in accordance with LR 7-2 and 7-3 of the Local Rules of Practice.
6. Any procedural defenses Respondents raise in this case must be raised together in a single consolidated motion to dismiss. Procedural defenses omitted from such motion to dismiss may be subject to waiver. Respondents will not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If Respondents seek dismissal of unexhausted claims under § 2254(b)(2), they must do so within the single motion to dismiss, not in the answer, and specifically direct their argument to the standard for dismissal under § 2254(b)(2) as set forth in *Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, will be included with the merits in an answer. All procedural

defenses, including exhaustion, instead must be raised by motion to dismiss.

7. In any answer filed on the merits, Respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

8. Respondents must file the state court exhibits relevant to their response to the petition, in chronological order.

9. All state court records and exhibits must be filed in accordance with LR IA 10-3 and LR IC 2-2 and include a separate index identifying each exhibit by number or letter. The index must be filed in CM/ECF's document upload screen as the base document to receive the base docket number (*e.g.*, ECF No. 10). Each exhibit must then be filed as "attachments" to the base document—the index—to receive a sequenced sub-docket number (*e.g.*, Exhibit A (ECF No. 10-1), Exhibit B (ECF No. 10-2), Exhibit C (ECF No. 10-3), and so forth). If the exhibits will span more than one filing, the base document in each successive filing must be either a copy of the index or volume cover page. *See* LR IC 2-2(a)(3)(A).

10. Notwithstanding LR IC 2-2(g), paper copies of any electronically filed exhibits *need not* be provided to chambers or to the staff attorney, unless later directed by the court.

Dated:  March 30, 2022

                                                                              ANDREW P. GORDON
                                                                              UNITED STATES DISTRICT JUDGE