UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Kyle Johnson,

     Petitioner

v.

William Hutchings,[1] et al.,

     Respondents

Case No. 2:21-cv-00707-APG-EJY

**ORDER**

Petitioner Kyle Johnson, proceeding *pro se*, filed a federal habeas corpus petition under 28 U.S.C. § 2254. ECF No. 10.  The respondents have filed a motion to dismiss the petition and a motion for leave to file exhibits under seal. ECF Nos. 16, 21.  Johnson did not file an opposition to either motion.  The respondents contend Grounds 1–3 must be dismissed as unexhausted or barred by *Tollett v. Henderson*, 411 U.S. at 267. ECF No. 16 at 3–4, 6–7.  The respondents alternatively contend Ground 2 must be dismissed as conclusory. *Id.* at 4–6.  I agree that Ground 1 is barred by *Tollett*, Ground 2 is conclusory, and Ground 3 is unexhausted.  I will dismiss the petition.

/ / / /

/ / / /

/ / / /

---

[1] According to the state corrections department's inmate locator page, Johnson is incarcerated at High Desert State Prison.  The department's website reflects Calvin Johnson is the warden for that facility. https://doc.nv.gov/Facilities/HDSP_Facility/.  I will therefore direct the clerk of the court to substitute Calvin Johnson for respondent William Hutchings under Rule 25(d) of the Federal Rules of Civil Procedure.

# I.    Background

## A.    Proceedings on Initial Charges

In 2017, Johnson was indicted in the Eighth Judicial District Court in Clark County, Nevada on 22 counts for crimes associated with four incidents. Ex. 12 and ECF No. 18-8 at 14–23.  The first group of charges (Counts 1–5) alleged Johnson committed crimes at a U-Swirl restaurant on March 29, 2017. *Id.* at 15–16.  The second group of charges (Counts 6–9) alleged Johnson committed crimes at an EZ Pawn on April 9, 2017. *Id.*  The third group of charges (Counts 10–12) alleged Johnson committed crimes at a Family Dollar store on May 14, 2017. *Id* at 16–17*; see also* Ex. 8 and ECF No. 18-4 at 5.  The last group of charges (Counts 13–22) alleged Johnson committed crimes at a Mini Grand Prix on May 15, 2017. Ex. 12 and ECF No. 18-8 at 17–23.

Johnson filed a pretrial petition for writ of habeas corpus alleging the State failed to establish at the grand jury proceeding probable cause for Counts 2 and 13–22 and that the kidnapping charge alleged in Count 2 was incidental to the robbery alleged in Count 3. Ex. 8 and ECF No. 18-4 at 7–12.  The state district court denied that petition, finding the State satisfied the requisite burdens to hold Johnson to answer for the crimes. Ex. 15 and ECF No. 18–11.  Johnson did not appeal the denial of that pretrial habeas petition.[2]

## B.    Guilty Plea and Sentencing

On February 21, 2019, Johnson pleaded guilty under an amended indictment and plea agreement to three charges: Count 1—robbery with the use of a deadly weapon at the Mini

---

[2] I take judicial notice of the online docket records of the Eighth Judicial District Court in Case No. C-17-325159-1 and Nevada Supreme Court Case No. 81366.  The docket records of these courts may be accessed by the public online at https://www.clarkcountycourts.us/Portal/Home/Dashboard/29 and https://nvcourts.gov/Supreme/.

Grand Prix; Count 2—conspiracy to commit robbery at the Mini Grand Prix; and Count 3—robbery with use of a deadly weapon at the U-Swirl. Ex. 20 and ECF No. 18-16.  The parties stipulated to an aggregate term of imprisonment of 15-to-40 years (to run concurrent to Case C325064). *Id.* at 2.

On April 4, 2019, the state district court sentenced Johnson to the stipulated aggregate sentence of 15-to-40 years imprisonment as follows: Count 1: 4-to-10 years, with a consecutive 3-to-8 years for the use of a deadly weapon; Count 2: 1-to-4 years, to run consecutive to Count 3; Count 3: 4-to-10 years, with a consecutive 3-to-8 years for the use of a deadly weapon, to run consecutive to Count 1. Ex. 3 and ECF No. 17-3 at 10; Ex. 22 and ECF No. 18-18.

### C.    Postconviction Proceedings

Johnson did not directly appeal his convictions. *See supra* at n.2.  He did, however, file a motion to correct an illegal sentence in the state district court claiming the consecutive enhancements for use of a deadly weapon constituted illegal sentences because the use of a deadly weapon was a necessary element of the underlying robbery convictions. Ex. 26 and ECF No. 18-22 at 3–5.  On February 26, 2020, the state district court denied that motion because Johnson had stipulated to the sentence imposed in his case. Ex. 31 and ECF No. 19-2 at 3.

On January 27, 2020, Johnson filed a state postconviction petition for writ of habeas corpus in the state district court alleging: (1) ineffective assistance of counsel in violation of the Sixth Amendment for failure to conduct an adequate pretrial investigation; (2) ineffective assistance of counsel in violation of due process under the Fifth and Fourteenth Amendments for failing to investigate and interview prospective witnesses; and (3) excessive bail in violation of the Eighth Amendment's proscription against cruel and unusual punishment. Ex. 27 and ECF No. 18-23.  The state district denied relief because Johnson failed to describe how counsel was

ineffective in failing to investigate and how additional investigation could have changed the outcome of the case; failed to specify which witnesses counsel should have interviewed, the content of each witness's testimony that counsel failed to uncover, and how each witness's account would have favorably changed the outcome of the case; and failed to specify how bail was excessive. Ex. 37 and ECF No. 19-8 at 3–6.  The state district court further determined Johnson had waived the excessive bail claim when he pleaded guilty, and (although not alleged) that his sentence was not cruel and unusual because it was within the statutory limits. *Id.*

Johnson appealed the denial of his state habeas petition. Ex. 41 and ECF No. 19-12.  He alleged on appeal that for Counts 1-5, the state district court erred (1) in finding the evidence sufficiently connected him to the crimes; (2) the grand jury proceeding was held without his knowledge depriving him of the right to face his accuser; and (3) his attorney failed to provide him with the identification lineup. *Id.* at 6–7.  For Counts 9-11, Johnson alleged that the district court erred in finding the evidence sufficient to connect him to the crimes. *Id.* at 7–9.  Johnson also asked the Supreme Court of Nevada to investigate why he was not notified regarding the grand jury proceedings, to investigate why counsel did "could not get in touch with the victims in regard to the charges," and to dismiss the charges because he is wrongfully imprisoned for crimes he did not commit. *Id.* at 9.  The Nevada Court of Appeals affirmed the judgment after declining to consider Johnson's claims because Johnson failed to present the factual allegations made in his appeal to the district court during the district court's review of the habeas petition. Ex. 43 and ECF No. 19-14 at 2.

////

////

////

## II.     Discussion

### A.     Motion for Leave to File Exhibits Under Seal

The respondents moved for leave to file under seal a Presentence Investigative Report (PSI) dated March 19, 2019 as Exhibit 21. ECF Nos. 21; 22.  Under Nevada law, the PSI is "confidential and must not be made a part of any public record." Nev. Rev. Stat. § 176.156(5). There exists a compelling need to protect Johnson's safety, privacy, and personal identifying information. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). Accordingly, I will grant the motion for leave to file Exhibit 21 under seal (ECF No. 21). Exhibit 21 (filed at ECF No. 22-1) will remain under seal.

### B.     Motion to Dismiss

#### 1.     Governing Standards

The Antiterrorism and Effective Death Penalty Act (AEDPA) "places limitations on a federal court's power to grant a state prisoner's federal habeas petition." *Hurles v. Ryan*, 752 F.3d 768, 777 (9th Cir. 2014) (citing *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011)).  On habeas review, a federal court is limited to deciding whether a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *e.g.*, *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (emphasizing that "[i]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) requires a federal habeas petition to specify all grounds for relief available to the petitioner and "state the facts supporting each ground."  Notice pleading is not sufficient to satisfy the specific pleading requirements for federal habeas petitions. *Mayle v. Felix*, 545 U.S. 644, 655–56 (2005) (noting that Rule 8(a) of the Federal Rules of Civil Procedure requires only

"fair notice" while Habeas Rule 2(c) "is more demanding," and mere legal conclusions without facts are insufficient for habeas review); *see also Blackledge v. Allison*, 431 U.S. 63, 74 (1977) (stating that "[t]he presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."); *accord Jones v. Gomez*, 66 F.3d 199, 205 (9th Cir. 1995).

A petitioner must also exhaust state court remedies for a federal habeas corpus claim before presenting that claim to the federal courts. 28 U.S.C. § 2254(b)(1)(A).  The exhaustion requirement ensures the state courts, as a matter of comity, will have the first opportunity to address and correct alleged violations of federal constitutional guarantees. *E.g., Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991).  To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999).  "A petitioner has exhausted his [or her] federal claims when he [or she] has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014) (citing *O'Sullivan*, 526 U.S. at 844–45).  Full and fair presentation requires a petitioner to present the substance of his claim to the state courts, including a reference to a federal constitutional guarantee and a statement of facts that entitle the petitioner to relief. *Scott v. Schriro*, 567 F.3d 573, 582–83 (9th Cir. 2009) (citing *Picard v. Connor*, 404 U.S. 270, 278 (1971)).  "In the exhaustion context, the Supreme Court has admonished lower courts that the complete exhaustion requirement is not intended to 'trap the unwary pro se prisoner.'" *Davis v. Silva*, 511 F.3d 1005, 1009 n.4 (9th Cir. 2008) (quoting *Slack v. McDaniel*, 529 U.S. 473, 487 (2000)).  "More generally, the Court has held pro se pleadings to a less stringent standard than briefs by counsel and reads pro se pleadings generously, 'however inartfully pleaded'." *Davis*,

511 F.3d at 1009 n.4 (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam)). *See also Sanders v. Ryder*, 342 F.3d 991, 999 (9th Cir. 2003) (noting *pro se* petitions are held to a "more lenient standard than counseled petitions"). Although *pro se* pleadings must be liberally construed, conclusory allegations unsupported by specific facts are subject to summary dismissal. *Blackledge*, 431 U.S. at 74.

### 2.    Ground 1

Ground 1 alleges there was insufficient evidence to establish probable cause for Johnson's arrest and or for the grand jury to hold him to answer to Counts 1–12, in violation of due process guaranteed by the Fifth and Fourteenth Amendments. ECF No. 10 at 3–5.  The respondents contend Ground 1 must be dismissed because, among other reasons, it alleges only claims of pre-plea error that are barred by *Tollett*.  I agree.

In *Tollett*, the Supreme Court held that "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." 411 U.S. at 267.  Therefore, "[a]s a general rule, one who voluntarily and intelligently pleads guilty to a criminal charge may not subsequently seek federal habeas relief on the basis of pre-plea constitutional violations." *Hudson v. Moran*, 760 F.2d 1027, 1029–30 (9th Cir. 1985) (citations omitted).  A criminal defendant who pleads guilty (or no contest, which is the equivalent of a plea of guilty) "may only attack the voluntary and intelligent character of the guilty plea" (*Tollett*, 411 U.S. at 267) by showing that the advice he received from counsel was not "within the range of competence demanded of attorneys in criminal cases." *McMann v. Richardson*, 397 U.S. 759, 770–71 (1970).

Johnson's claims that police lacked probable cause to arrest him, and that the State failed at the grand jury proceeding to establish sufficient cause to hold Johnson to answer for Counts 1–12, involve pre-plea motions or petitions.  They do not attack the voluntary and intelligent character of Johnson's guilty plea by alleging that the advice he received from his trial counsel was inadequate.  Johnson's guilty pleas preclude federal habeas relief for the pre-plea violations he alleges in Ground 1 of the petition. *Tollett*, 411 U.S. at 267; *Hudson*, 760 F.2d at 1030.  I therefore dismiss Ground 1 as not cognizable under 28 U.S.C. § 2254.

### 3.    Ground 2

In Ground 2, Johnson alleges counsel was ineffective in violation of the Sixth Amendment by failing to investigate or prove that the evidence presented against Johnson was incorrect or false. ECF No. 10 at 7.  The respondents contend Ground 2 should be dismissed as conclusory because it lacks specific facts as to what counsel should have done to provide effective assistance.  Thus, Johnson fails to adequately plead a claim of ineffective assistance of counsel. ECF No. 16 at 5–6.  I agree.

Johnson does not provide specific allegations identifying what investigation counsel should have performed to prove the evidence against him was false or incorrect, what counsel would have discovered had counsel performed such an investigation, or how there would exist a reasonable probability the result of the proceedings would have been different had counsel conducted such an investigation.  Johnson's attaches to his petition reports and documents generated by police during the investigation of his case that are favorable to his view of the evidence against him.  But they do not establish the specific allegations of deficient performance and prejudice required to allege that counsel was ineffective in failing to investigate.  I will therefore dismiss Ground 2 as conclusory.

        **4.**      **Ground 3**

Ground 3 alleges the sentencing enhancements that were imposed for the use of a deadly weapon violate Johnson's rights to due process and a fair trial in violation of the Fifth, Sixth, Eighth, and Fourteenth Amendments. ECF No. 10 at 9–10.  The respondents contend Ground 3 must be dismissed as unexhausted because it was not asserted in any state proceeding. ECF No. 16 at 4.  Johnson presented this claim to the state district court in his motion to correct an illegal sentence. *See supra* at p. 3.  But Johnson failed to present the claim through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. *See supra* at pp. 3-4.  Therefore, I will dismiss Ground 3 as unexhausted.

**III.**    **Conclusion**

I THEREFORE ORDER that the respondents' motion to dismiss **(ECF No. 16) is granted**.

I FURTHER ORDER that the petition **(ECF No. 10) is dismissed** with prejudice.

I FURTHER ORDER that the respondents' motion for leave to file documents under seal **(ECF No. 21) is granted**.  Exhibit 21 (filed at ECF No. 22-1) will remain under seal.

I FURTHER ORDER the clerk of the court to substitute Calvin Johnson for respondent William Hutchings.

I FURTHER ORDER the clerk of the court to enter a final judgment in favor of the respondents and against Johnson dismissing this action with prejudice and to close this case.

Dated: October 7, 2022.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE